## Nisbet's Executors, et al. v. Nisbet.

(Decided December 18, 1917.)

### Appeal from Hopkins Circuit Court.

1. Executors and Administrators—Divorce and Alimony—Suit for
Alimony by Wife of Devisee—Right of Wife to Inventory and Set-
tlement.—A wife who is merely asserting a possible claim for
alimony against her husband, who is one of the devisees under
his father's will, does not sustain such a relation to the father's
estate, as gives her the right to require that the executors file
a technical inventory of the estate and settle their accounts be-
fore a special commissioner.

2. Divorce—Alimony—Suit for Alimony by Wife of Devisee—Execu-
tors and Administrators—Attachments—Disclosure.—Where, in a
suit for alimony by a wife against her husband who is one of the
devisees under his father's will, an order of attachment against
her husband's property is obtained and his father's executors are
summoned as garnishees, the wife is entitled to have the exe-
cutors file an answer showing in detail the character and value of
the estate devised, the character and value of that portion turned
over to her husband, and the character and value of that portion,
if any, remaining in their hands, and to have the case referred
to a commissioner with power to hear proof and report to the
court, not only his findings as to the above items, but his finding
as to the present character and value of her husband's property.

3. Divorce—Suit for Alimony—Attachment—Answer of Garnishees—
Sufficiency.—Where in a suit for alimony by a wife against her
husband, who is one of the devisees under his father's will, an
order of attachment against her husband's property is obtained
and his father's executors are summoned as garnishees, an an-
swer by them that the widow and all the children of the de-
cedent being over 21 years old and sui juris, mutually distributed
and settled the estate of the testator before the filing of plain-
tiff's petition with her knowledge, consent, and acquiescence, is
not sufficient.

LAFFOON & WADDILL for appellants.

GORDON, GORDON & MOORE for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

Lanna Edward Nisbet and her husband, James Clarance Nisbet, were married in the month of December, 1909. W. A. Nisbet, father of James Clarance Nisbet, died in the year 1910. He was survived by his widow, Nannie J. Nisbet, a daughter, Ola May Cox, and two sons other than Clarance, viz., Walter J. Nisbet and Ernest Nisbit. The decedent left a will disposing of a large estate and appointing his wife and three sons as executors.

Lanna Edward Nisbet and her husband lived together until the month of March, 1916, when she brought this suit for alimony. The executors of William A. Nisbet were made parties defendant. She asked and obtained an order of attachment against her husband's property and caused it to be served on the executors who were summoned as garnishees. She further asked and obtained an order requiring the executors to file a complete inventory of the estate of William A. Nisbet, and to settle their accounts before a special commissioner appointed by the court. From this order the executors appeal.

Here the plaintiff is not a representative legatee, distributee, or creditor of her husband's father, nor has she a lien upon or interest in his estate as such. She is merely asserting a claim for alimony against her husband, which may or may not result in an interest in her husband's portion of the devised estate. The settlement by the executors is not sought for the benefit of the estate, but solely for a possible benefit that may accrue to her. Under these circumstances we conclude that her relation to the estate is not such as to give her the right to demand that the executors file a technical inventory and settle their accounts before a special commissioner. However, in as much as her husband's property has been attached and the executors of his father's estate have been summoned as garnishees, and the amount of alimony awarded will depend upon the value of her husband's property, she is entitled to a full and complete disclosure by the executors. To that end the executors may be required to file an answer showing in detail the character and value of the estate devised, the character and value of that portion turned over to her husband, and the character and value of that portion, if any, remaining in their hands, and plaintiff is entitled to have the case

referred to a commissioner with power to hear proof and report to the court, not only his findings as to the above items, but his finding as to the present character and value of her husband's property. Under this view of the case, an answer by the executors, that the widow and all the children of the decedent being over 21 years old and *sui juris,* mutually distributed and settled the estate of the testator before the filing of plaintiff's petition, with her knowedge, consent and acquiescence, is not sufficient.

Judgment reversed and cause remanded for proceedings consistent with this opinion.