## Nisbet v. Nisbet.

(Decided October 31, 1919.)

## Appeal from Hopkins Circuit Court.

1. Divorce—Alimony—Costs.—In an action by a wife for alimony, the executors of her husband's father who were summoned as garnishees were required to file an inventory and to settle accounts before a special commissioner. On appeal it was held that the wife was not entitled to the inventory and settlement, but that the executors should be required to file an answer showing in detail the character and value of the estate devised, the character and value of that portion turned over to the husband, and the character and value of that portion remaining in their hands, and the executors recovered certain costs of the wife: Held, that as the costs recovered by the executors were incurred in a bona fide effort to ascertain the value of her husband's estate, and were a necessary incident to her suit for alimony, they were properly a part of plaintiff's costs for which her husband was liable.

2. Divorce—Allowance of Counsel Fees—Amount.—Where in a wife's action for alimony plaintiff filed an amended petition, after the work of her attorneys had been practically completed, stating that she had good reason to believe and did believe that her husband had reformed and that a reconciliation between them would be effected on his return from the war, and withdrawing her claim for permanent alimony, and asking for reasonable support until his return, the results of the labor of her attorneys should be measured not by what plaintiff was willing to accept because of her desire for a reconciliation, but by what she would have been entitled to receive had she not elected to give her husband another chance.

3. Divorce—Allowance of Counsel Fees—Amount.—In a wife's action for alimony, evidence considered and held that an allowance of $1,500.00 to her attorneys was not unreasonable.

LAFFOON & WADDILL for appellant.

GORDON & GORDON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

James Clarence Nisbet and Lanna Edward Nisbet were married in the month of December, 1909. James Clarence Nisbet was a son of W. A. Nisbet, who died in the year 1910, leaving a will by which, after certain specific devises, he devised and bequeathed to his wife one-half of his personal estate, and one-third of his real

estate for life, and the remainder of his estate to his three sons, W. J. Nisbet, Ernest Nisbet and James Clarence Nisbet, and his daughter, Ola May Cox. His widow and his three sons were appointed and qualified as executors.

Lanna Edward Nisbet and her husband lived together until the month of March, 1916, when she brought this suit for alimony. W. A. Nisbet's executors were made parties defendant. Plaintiff asked and obtained an order of · attachment against her husband's property, and caused it to be served on the executors, who were summoned as garnishees. She further asked and obtained an order requiring the executors to file a complete inventory of the estate of W. A. Nisbet, and to settle their accounts before a special commissioner appointed by the court. From this order the executors appealed. It was held that she was not entitled to the inventory and settlement, but that the executors should be required to file an answer, showing in detail the character and value of the estate devised, the character and value of that portion turned over to James Clarence Nisbet, and the character and value of that portion remaining in their hands. Nisbet's Exrs. v. Nisbet, 178 Ky. 456, 198 S. W. 1154. On that appeal the executors recovered of Lanna Edward Nisbet costs amounting to $78.75, which sum the executors deducted from the temporary alimony allowed to her.

On the return of the case the answer filed by the executors disclosed but little information as to the character and value of the estate of W. A. Nisbet. It was therefore necessary for the plaintiff's attorneys to spend considerable time searching the records where the real estate was situated, and examining the witnesses as to its value. These investigations disclosed that James Clarence Nisbet's real estate was worth in the neighborhood of $40,000.00, and that the present value of his expectancy in his mother's estate was about $10,000.00. Many depositions were taken and afterwards certain material facts were stipulated, but only after plaintiff's attorneys had ascertained and were prepared to prove these facts.

After the work of her attorneys had been practically completed, plaintiff filed an amended petition, in which she alleged that she had good reason to believe and did believe that her husband had reformed, and that a reconciliation between them would be effected on his return from the war, in which he had enlisted · as a first lieu-

tenant in the 65th Engineers' Corps, and withdrew her claim for permanent alimony and asked for a reasonable support out of her husband's estate until his return.   On final hearing, plaintiff was allowed $75.00 a month for her support, and the use of defendant's home place. She was also awarded costs, including the sum of $78.75 which the executors recovered as costs in this court.   A motion for an allowance of reasonable fees to plaintiff's attorneys was set for a subsequent hearing, at which her attorneys testified to the character and extent of their services, and several prominent members of the bar stated that in their opinion a fee of $1,500.00 was reasonable.

There was no evidence to the contrary.   The chancellor then fixed the fee at $1,500.00.   From these judgments the defendants appeal.

It is first insisted that the court erred in adjudging that the plaintiff recover of her husband the costs amounting to $78.75, which the executors recovered of her on the former appeal.   Inasmuch as her husband's property had been attached, and the executors had been summoned as garnishees, and the amount of alimony depended upon the value of her husband's estate, she had the right to a full and complete disclosure by the executors.   Nisbet's Exrs. v. Nisbet, *supra*.   Therefore, the costs which the executors recovered of her were incurred in a *bona fide* effort to ascertain the value of her husband's estate, and were a necessary incident to her suit for alimony.   That being true, they are properly a part of plaintiff's costs, for which her husband was liable.

The fee allowed plaintiff's attorneys is attacked on the ground that it is altogether disproportionate to the benefits which plaintiff received from the services which they rendered.   In this connection it is argued that she withdrew the charges against her husband and accepted only that which he had always been willing to pay her. As a matter of fact, however, she did not withdraw her charges against her husband.   She merely stated that she believed and had reasonable grounds to believe that he had reformed, and asked that she be given a temporary allowance pending their efforts for a reconciliation. At that time, however, the work of the attorneys had been practically completed. Had it not been for plaintiff's action, she would have been entitled to substantial alimony.   In view of this fact, we conclude that the results of their labors should be measured not by what plaintiff was willing to accept because of her desire for a recon-

ciliation, but by what she would have been entitled to receive had she not elected to give her husband another chance. The record itself shows a large and laborious amount of work. The testimony of the attorneys shows that they performed a great deal of work not shown by the record. The evidence as to the reasonable value of their services is not disputed. Many of the witnesses stated that in their opinion a fee of $2,000.00 was reasonable. Under these circumstances, we cannot say that a fee of $1,500.00 was unreasonable.

Judgment affirmed.